Daniel F. COLLINS, Plaintiff-Appellant,

v.

FIREMEN'S FUND INSURANCE CO., a California Corporation; The Connecticut Fire Insurance Co., a Connecticut Corporation; Niagara Fire Insurance Co., a New York Corporation; and Old Colony Insurance Co., a Massachusetts Corporation, Defendants-Appellees.

No. 13060.

United States Court of Appeals Seventh Circuit.

Nov. 22, 1961.

Samuel R. Hassen and Fisher, Hassen & Fisher, Chicago, Ill., for appellant.

Gerald M. Chapman, Edward A. McCarthy and Saul A. Epton, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity action to recover proceeds of four insurance policies insuring plaintiff, lessee, against loss, by fire, in the tavern and night club premises leased to him. The trial was consolidated with that of Mavros v. St. Paul Fire & Marine Ins. Co., No. 13059, 7 Cir., 296 F.2d 271, for recovery by the owners for loss arising from the same fire. Verdicts and judgments were against plaintiffs in both suits. Collins has taken this appeal. The Mavros opinion is being filed simultaneously.

The premises were leased to Collins in August, 1954, and were destroyed by fire, of incendiary origin, August 23, 1955. Defendant insurers refused to pay the losses and Collins sued. The insurers raised the affirmative defenses of a) wilful concealment and misrepresentation of material facts, b) increased hazard by means within Collins' knowledge and control, and c) participation by Collins in the arson.

The first question is whether there is substantial evidence to support the verdict. There is testimony that Pacini was Collins' "buddy"; that Collins purchased the tavern and night club "business" in August, 1954, with money advanced by Pacini without security and that at time of trial, February, 1960, the advance had not been repaid; that from August until November, 1954 Collins gave Pacini power of attorney for Collins' bank account; and that Pacini had a key to the premises, at least in the beginning, helped seat patrons, "bossed" the help, and was not charged for drinks.

There is also testimony that business was not good, substantial net losses were suffered during 1954 and 1955, Collins had borrowed $1,500.00 "recently", and bills were past due; that Pacini told Collins, in one of their arguments about the business, "we will burn this place down the way we did at 79th"; that about 8:30 the night of the fire Pacini's automobile was seen in front of the premises, and about 10:30 P.M. he was seen carrying gasoline drums into the premises; that the fire broke out about midnight; and gasoline drums containing highly inflammable liquid were found in the fire. There was also contradictory testimony by Collins about his movements the day of the fire.

We think the insurers met the burden of proving that Collins was implicated in the arson. Stein v. Girard Ins. Co. of Philadelphia, 7 Cir., 259 F.2d 764, 766 (1958). The evidence referred to is sufficient to support the verdict either on the ground that Collins increased the risk by means within his knowledge or control or on the ground that he participated in the arson.

Collins is not in the position of Lizzie Dazey in Security Ins. Co. of New Haven v. Dazey, 7 Cir., 78 F.2d 537 (1935). There was no testimony "directly, indirectly, circumstantially or otherwise" connecting her with the fire there. In Baltimore American Ins. Co. of New York v. Pecos Mercantile Co., 10 Cir., 122 F.2d 143 (1941) the court held that the trial court properly refused to submit the defense of arson to the jury because the cause of the fire was "well in the realm of speculation and conjecture" and the evidence of arson was insufficient. Here arson is not disputed. The evidence in Hanover Fire Ins. Co. of N. Y. v. Argo, 5 Cir., 251 F.2d 80 (1958) is widely different from that which supports the verdict here.

It was not necessary to prove that Collins was the actual arsonist. Stein v. Girard Ins. Co. of Philadelphia, 7 Cir., 259 F.2d 764 (1958). The jury could have inferred that Collins knew or should have known Pacini's stated design of arson and, by continuing to allow Pacini to have access to the premises, increased the hazard; or it could have found that with the actual or constructive knowledge of Pacini's design Collins was duty bound to take the corrective measures, under his control, to prevent the execution of the design.

Collins claims prejudice because of the argument made by insurer's attorney to the jury. No objection was made to the argument at the time or during later opportunities. We have read the argument complained of, nevertheless, and we are not persuaded by Collins' brief that the jury's verdict could reasonably be said to have been the result of prejudice against Collins because of what was said about Pacini, who did not appear as a witness, or about the Pacini "subpoena".

For the reasons given, the judgment is affirmed.